■ MARIO BRAGA, Appellant, v. W. H. N. REALTY CORP. et al., Respondents.— In an action, *inter alia*, for specific performance to compel defendant W.H.N. Realty Corp. to convey certain property, plaintiff appeals from so much of an order of the Supreme Court, Queens County, dated December 4, 1972, as denied his motion for summary judgment on the first cause of action, which is for specific performance, and granted defendants' cross motion for summary judgment dismissing that cause of action. Order modified by (1) striking from the first decretal paragraph thereof the word "granted" (which refers to the cross motion) and substituting therefor the word "denied" and (2) striking therefrom the second decretal paragraph. As so modified, order affirmed insofar as appealed from, with $20 costs and disbursements to appellant. In our opinion there should be a full exploration of the issues in this case. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ In the Matter of ANONYMOUS.— In an adoption proceeding, the natural mother of the child in question appeals from an order of the Surrogate's Court, Suffolk County, entered January 8, 1973, which denied her motion for revocation of her consent to the adoption and determined that the consents of both of the natural parents were voluntarily given and valid. Order reversed, on the law and the facts, without costs, and appellant's motion granted. There exists in the law a presumption that the best interests of a child whose adoption is sought are served by returning the child to the natural parent or parents (*People ex rel. Scarpetta* v. *Spence-Chapin Adoption Serv.*, 28 N Y 2d 185; *People ex rel. Kropp* v. *Shepsky*, 305 N. Y. 465; *People ex rel. Portnoy* v. *Strasser*, 303 N. Y. 539). Such presumption cannot be overcome except for the gravest of reasons (*Matter of Spence-Chapin Adoption Serv.* v. *Polk*, 29 N Y 2d 196; *People ex rel. Scarpetta* v. *Spence-Chapin Adoption Serv.*, *supra*; *People ex rel. Kropp* v. *Shepsky*, *supra*; *People ex rel. Portnoy* v. *Strasser*, *supra*). Furthermore, "the burden rests, not * * * upon the mother to show that the child's welfare would be advanced by being returned to her, but rather upon the nonparents to prove that the mother is unfit to have her child and that the latter's well-being requires its separation from its mother" (*People ex rel. Kropp* v. *Shepsky*, 305 N. Y. 465, 469, *supra*). The Surrogate in this case made no finding of unfitness with respect to the natural mother and, in fact, found her to be "mature, intelligent and quite knowledgeable". The Surrogate's ultimate finding that the best interests of the child are served by allowing the child to stay with the persons seeking the adoption appears to have been made as a result of some type of balancing test. This, however, was error. As Chief Judge Fuld stated in *People ex rel. Kropp* v. *Shepsky* (305 N. Y. 465, 469, *supra*): "In no case may a contest between parent and nonparent resolve itself into 'a simple factual issue as to which [affords] the better surroundings, or as to which party is better equipped to raise the child.' (*People ex rel. Portnoy* v. *Strasser*, *supra*, 303 N. Y. 539, 542.) And that is true even if the nonparent initially acquired custody of the child with the parent's consent." There has been no change in the Court of Appeals' position (see *Matter of Spence-Chapin Adoption Serv.* v. *Polk*, 29 N Y 2d 196, 203–204, *supra*). Accordingly, appellant should be permitted to withdraw her consent to the adoption. We do not reach the question of whether the 1972 amendments with respect to adoptions (L. 1972, ch. 639), especially the addition of new section 115-b to the Domestic Relations Law (L. 1972, ch. 639, § 3), would require a different result, since such amendments, according to their effective dates, are not applicable to the case at bar. Latham, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.